**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN R.S. DOE, | ) | |
| | ) | Civil Action No. 12 – 162 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| HARRY NICOLETTI, JR., *et al*., | ) | |
| | ) | ECF No. 12 |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John R.S. Doe ("Plaintiff") is an inmate who is currently incarcerated in the Commonwealth of Pennsylvania and was previously incarcerated at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh") during the time the acts alleged in his Complaint occurred. Plaintiff commenced this civil action through counsel on February 9, 2012, pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff names as Defendants the following officers and employees of SCI-Pittsburgh: Corrections Officer Harry Nicoletti, Jr.; Corrections Officer Berger; Captain Mohring; Superintendent Melvin Lockett; Deputy Superintendent Martin Kovacs; Deputy Superintendent Janice Niemiec; and Major of the Guards John Wiser. Defendant Nicoletti has filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 12) and Plaintiff has responded in opposition to the Motion (ECF No. 17.) As such, the Motion is now ripe for review by this Court.

1

### A. Plaintiff's Allegations

Plaintiff was held at SCI-Pittsburgh from February 2010 through April 2010. (Plaintiff's Complaint, ECF No. 1 at ¶ 27.) He alleges that during this time period, he: (1) was physically abused by Corrections Officers; (2) was subjected to sexual abuse by Corrections Officers; and (3) witnessed other inmates being sexually and/or physically abused by Corrections Officers. Id. at ¶ 28. He contends that failure to comply with this conduct resulted in further physical and/or sexual abuse and intimidation by Corrections Officers. Id.

Plaintiff avers that Defendants were engaged in a common plan and conspiracy to sexually abuse, physically abuse, and mentally abuse inmates who were allegedly convicted of sexual crimes and they did so in order to control these inmates by intimidation and coercion. Id. at ¶¶ 29-30. He alleges that he was sexually, physically, and mentally abused by Corrections Officers and other personnel because Defendants wanted to control his conduct and keep him from reporting the conditions of the prison to the proper authorities. Id. at ¶ 31.

Plaintiff states that he was sexually assaulted by Defendant Nicoletti from February 2010 through April 2010. Id. at ¶ 32. During the assaults, Defendant Nicoletti allegedly ordered Plaintiff to choose how he wanted to be sexually assaulted. Id. at ¶ 33. Defendant Nicoletti gave Plaintiff two choices; Plaintiff could either be anally raped or forced to perform oral sex. Id. at ¶ 34. In the past, Defendant Nicoletti had punished inmates who resisted his orders by physically abusing them and threatening their well-being. Id. at ¶ 35. As a result of Defendant Nicoletti's threats, Plaintiff was sexually assaulted by being both subjected to anal rape and forced to perform oral sex upon Defendant Nicoletti. Id. at ¶ 36.

Plaintiff believes that an inmate, Defendant Nicoletti, and two other Correctional Officers repeatedly sexually assaulted a transgender inmate over a nine day period in mid-April 2010. Id.

at ¶ 38.  Plaintiff also believes that Defendant Berger may have been working in concert with and/or on behalf of Defendant Nicoletti and other personnel in order to intimidate inmates by utilizing physical abuse to exert influence and control over them.  Id. at ¶ 40.  Plaintiff contends that all Defendants knew or should have known of the behavior by Defendant Nicoletti and the other Correctional Officers but they failed to do anything to prohibit or report it.  Id. at ¶ 37, 39.

Plaintiff avers that Defendants intimidated inmates, including himself, from voicing their concerns and/or complaints through the grievance procedure, and on the occasion where an inmate would submit a grievance, supervisory staff would review the grievance and discard it in the garbage.  Id. at ¶¶ 41-42.  He claims that Defendant Lockett and the other supervisory named Defendants knew of this systematic failure of the grievance procedure but did nothing to correct it thereby creating an ineffective and futile system for inmates to communicate their complaints and/or concerns.  Id. at ¶¶ 43, 45-46.  Plaintiff states that at all times he was in fear for his life and was intimidated and coerced by Defendant Nicoletti and the other Defendants to not say anything about what he saw at SCI-Pittsburgh and what happened to him.  Id. at ¶ 47.  However, he states that all Defendants, as well as other corrections personnel, knew or should have known about the abuse that was occurring at the prison but they chose not to report it and instead acted to promote this type of conduct.  Id. at ¶¶ 48, 55-56.

Plaintiff alleges that Defendant Nicoletti consistently moved freely about SCI-Pittsburgh, forcing inmates to perform sexual acts upon him without any resistance and/or questioning from the named supervisory Defendants.  Id. at ¶ 57.  Defendant Nicoletti allegedly roamed onto separate blocks where he was not assigned, actively seeking out his next victim.  Id. at ¶ 58.  On these occasions, Defendant Nicoletti was able to gain access to these separate blocks with the assistance of other employees of SCI-Pittsburgh or a key/key card that he was not entitled to

possess. Id. at ¶ 59.  In this regard, there would have been a written record of Defendant Nicoletti's unwarranted presence on these other blocks and Plaintiff claims the supervisory Defendants would have, or should have, been aware of it.  Id.  Furthermore, once on the appropriate block, Plaintiff claims Defendant Nicoletti would need the assistance of other Correctional Officers to gain access to his victims' individual cellblocks.  Id. at ¶ 60.  He was then left alone without any supervision from the block's assigned Correctional Officers.  Id. at ¶ 61.  Plaintiff claims that all named Defendants had knowledge of this conduct but did nothing, thereby condoning the rampant sexual harassment and intimidation and scheme to physically and sexually assault inmates that was taking place.  Id. at ¶¶ 62-64.

Plaintiff contends that the supervisory Defendants allowed Defendant Nicoletti and other Correctional Officers to gather in the "bubble" where they would openly discuss their system of terrorizing, threatening, and physically abusing inmates and they allowed Corrections Officers who were "off the clock" to loiter on and around the block in furtherance of their system.  Id. at ¶ 66.  He also contends that the supervisory Defendants promoted conduct, which included Correctional Officers instigating fights so that multiple Correctional Officers could participate in retaliatory assaults on inmates.  Id. at ¶ 67.

Numerous reports detailing these abuses allegedly reached the Defendants but they failed to prevent or stop it.  Id. at ¶¶ 68-69.  This allegedly resulted in the discharge of Defendants Lockett, Kovacs, Niemiec, and Wiser; the criminal prosecution of seven Correction Officers, including Defendant Nicoletti; and a civil rights probe into SCI-Pittsburgh by the United States Department of Justice.  Id. at ¶¶ 69-71.

## B.  Legal Standard

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007).  "Factual allegations must be enough to raise a right to relief above a speculative level."  Id. at 555.  The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.  *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983."  Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss.  Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents.  Id. (citations omitted).  Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary

judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

### C. Motion to Dismiss

Defendant Nicoletti moves to dismiss Plaintiff's Complaint on the following grounds: (1) the Complaint fails to state a substantive claim under the Fourteenth Amendment; and (2) he is immune from suit in his official capacity. For the following reasons, Defendant Nicoletti's Motion will be granted but Plaintiff's Fourth and Eighth Amendment claims against Nicoletti in his individual capacity will remain.

**1. Fourteenth Amendment**

Plaintiff alleges that Defendants deprived him of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.[1] (ECF No. 7 at ¶ 109.) Defendant Nicoletti argues that Plaintiff has failed to state a substantive claim under the Fourteenth Amendment pursuant to the "explicit textual source" rule as stated in Albright v. Oliver, 510 U.S. 266 (1994). In Albright, the Supreme Court quoted Graham v. Connor, 490 U.S. 386, 395 (1989), and stated that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright, 510 U.S. at 273 (internal quotations omitted).

Plaintiff counters that Albright is not binding on this Court because the facts of this case are clearly distinguishable and do not involve the issue of malicious prosecution for which Plaintiff claims Albright is only applicable. Moreover, Plaintiff contends that neither the Third

---

[1] The Court notes that Plaintiff has alleged a violation of his Fifth, Eighth, and Fourteenth Amendment rights in his Complaint yet represents his claims to be for violations of the Fourth, Eighth, and Fourteenth Amendments in response to Defendant Nicoletti's Motion. The Court will assume that Plaintiff is proceeding under the Fourth and not the Fifth Amendment as the Fifth Amendment would be inapplicable to the facts of this case.

Circuit Court of Appeals nor any federal district court in Pennsylvania has expanded and/or applied the holding in Albright to cases which do not involve the issue of malicious prosecution. The Court disagrees and finds otherwise.

In Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249 (3d Cir. 2010), the Third Circuit Court of Appeals applied the more-specific-provision rule (a.k.a. the explicit textual source rule) in a case where the plaintiff, a juvenile adjudicated delinquent and committed to the custody of Pennsylvania's Department of Welfare's Bureau of Juvenile Justice Services, brought both substantive due process and Eighth Amendment claims challenging the same conduct concerning conditions of his confinement and an alleged failure by Defendants to ensure his safety. The court held that "[b]ecause these allegations fit squarely within the Eighth Amendment's prohibition on cruel and unusual punishment, we hold that the more-specific-provision rule forecloses Bett's substantive due process claims." Id. at 261.

Here, Plaintiff alleges that Defendant Nicoletti violated his due process rights provided for under the Fourteenth Amendment based on a number of incidents involving physical, sexual and emotional abuse. It is unclear as to whether Plaintiff attempts to argue that the factual allegations which form the basis for his Fourteenth Amendment claim are independent from those that form the basis of his Fourth or Eighth Amendment claims or whether he simply opposes Defendant Nicoletti's Motion on the sole basis that Albright should not apply to this case. Nevertheless, the Court concludes that Plaintiff's claims regarding Defendant Nicoletti's conduct are clearly governed by the Eighth Amendment and he has not demonstrated an independent basis for a Fourteenth Amendment substantive due process claim. As such, Plaintiff's Fourteenth Amendment claims are foreclosed in accordance with Albright and Betts. They will therefore be dismissed. See Climo v. Rustin, No. 11-1339, 2012 U.S. Dist. LEXIS

124365, 2012 WL 3779178, at *5 (W.D. Pa. Aug. 31, 2012) (dismissing prisoner plaintiff's Fourteenth Amendment claims pursuant to Betts because they were duplicative and based on the same factual allegations as her Eighth Amendment claims concerning defendants' liability for sexual and physical assaults); Coble v. Damiter, No. 3:11-CV-1276, 2012 U.S. Dist. LEXIS 110052, 2012 WL 3230579, at *10-11 (M.D. Pa. Aug. 6, 2012) (adopting report and recommendation that defendants are entitled to summary judgment with respect to prisoner plaintiff's Fourteenth Amendment claim in accordance with Betts and Albright because it was predicated on the same allegations as plaintiff's Eighth Amendment claim that defendants' failed to protect him from a known danger); Chao v. Ballista, 772 F. Supp. 2d 337, 247 (D. Mass. 2011) (analyzing prisoner plaintiff's claim that defendant violated her constitutional rights by sexually exploiting her while incarcerated under the Eighth Amendment pursuant to the explicit textual source rule); Powell v. Henry, No. 05-70435, 2007 U.S. Dist. LEXIS 9982, 2007 WL 551587, at *1 (E.D. Mich. Feb. 13, 2007) (holding that prisoner plaintiff's claim that he was sexually abused by corrections officer and that the two defendant corrections officers failed to prevent the abuse is controlled by the Eighth Amendment and not the Fourteenth, both of which plaintiff had asserted).

   2. **Official Capacity**

Defendant Nicoletti asserts that he is immune from suit in his official capacity pursuant to the Eleventh Amendment.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . As such, it is no different from a suit against the State itself.").  Plaintiff concedes that this is correct and has agreed to withdraw his claims

against Defendant Nicoletti in his official capacity.  Therefore these claims will be dismissed accordingly.

**AND NOW**, this 13th day of November, 2012;

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Nicoletti (ECF No. 12) is **GRANTED**.  Plaintiff's Fourteenth Amendment claim against Defendant Nicoletti and claims against Defendant Nicoletti in his official capacity are hereby dismissed with prejudice.  However, Plaintiff's Fourth and Eighth Amendment claims against Defendant Nicoletti in his individual capacity still remain.

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:  Counsel of Record
     *Via ECF Electronic Mail*